# United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213



Date: 3/27/03 **03 - 60575**

RE: Siemens Info Communications **CIV-UNGARO-BENAGES**

DOCKET NO. 1:02-cv-9654 (JTS) **MAGISTRATE JUDGE BROWN**

Dear Sir/Madam,

Pursuant to an Order of this Court, the above-entitled action is transferred to the USDC - Southern District of Florida. The papers enclosed herewith constitute the entire file in this action. A certified copy of the Order of Transfer is included in lieu of the original, which is retained in our files.

filed on 3/21/03

The enclosed copy of this letter is for your convenience in acknowledging receipt of the file.

Yours truly,
J. Michael McMahon, Clerk of Court

By: _____
Dennis Boneta
Deputy Clerk

Federal Express: 8371 7624 2064

---

**RECEIPT IS ACKNOWLEGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

_____ ON DATE: _____

CASE TRANSFERRED OUT FORM

MAR 31 2003

Rec'd in MIA Dkt _____

**03-60575** CLOSED

U.S. District Court
Southern District of New York - Civil Database (Foley Square)

CIVIL DOCKET FOR CASE #: 02-CV-9654

Siemens Information v. Fusion Telecomm.    Filed: 12/05/02
Assigned to: Judge Laura Taylor Swain
Demand: $0,000                              Nature of Suit: 190
Lead Docket: None                           Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity: Other Contract

*CIV- UNGARO-BENAGES*

*MAGISTRATE JUDGE BROWN*

SIEMENS INFORMATION AND            Richard L. Huffman
COMMUNICATIONS NETWORKS, INC.      [COR LD NTC]
    plaintiff                      Fox, Horan & Camerini, L.L.P
                                   825 Third Avenue
                                   New York, NY 10022
                                   (212) 480-4800

    v.

FUSION TELECOMMUNICATIONS
INTERNATIONAL, INC.
    defendant

eat/div Broward
Case # 0:03CV60575
Judge UUB  Mag Brown
Motn Ifp _____ Fee pd $_____
Receipt # _____

Docket as of March 24, 2003 3:16 pm              Page 1    NON-PUBLIC

MAR 31 2003

Rec'd in MIA Dkt _____

```
INTERNAL USE ONLY: Proceedings include all events.
1:02cv9654 Siemens Information v. Fusion Telecomm.              CLOSED

SIEMENS INFORMATION AND COMMUNICATIONS NETWORKS, INC.

          plaintiff


  v.

FUSION TELECOMMUNICATIONS INTERNATIONAL, INC.

          defendant
```

```
INTERNAL USE ONLY: Proceedings include all events.
1:02cv9654 Siemens Information v. Fusion Telecomm.                CLOSED

12/5/02    1     COMPLAINT filed. Summons issued and Notice pursuant to 28
                 U.S.C. 636(c).  FILING FEE $ 150.00  RECEIPT # 458721. (laq)
                 [Entry date 12/06/02]

12/5/02    2     RULE 1.9 CERTIFICATE filed by Siemens Information . (laq)
                 [Entry date 12/06/02]

12/5/02    --    Magistrate Judge Douglas F. Eaton is so designated. (laq)
                 [Entry date 12/06/02]

12/26/02   3     PRELIMINARY PRETRIAL ORDER, that a pretrial conference
                 shall be held in this matter on 3/21/03 at 2:45 p.m. in
                 Courtroom No. 444, 40 Foley Square, New York, New York
                 10007. ( signed by Judge Laura T. Swain ); Copies mailed
                 by Chambers. (tp) [Entry date 12/30/02]

3/21/03    4     STIPULATION: for reasons further set forth in said order,
                 the parties agree, subject to this COurt's approval, to the
                 transfer of this action to the USDC-Southern District of
                 Florida in accordance with 28 USC 1404 and 1406. ( signed
                 by Judge Laura T. Swain ) (db) [Entry date 03/24/03]

3/21/03    --    Interdistrict transfer  to the District of Florida.  Sent
                 original file along with a certified copy of the docket
                 sheet and transfer order via Federal Express AIRBILL # 8371
                 7624 2064 on 3/27/03. (db) [Entry date 03/24/03]
```

A TRUE COPY
J. MICHAEL McMAHON, ACTING CLERK
BY _____
              DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Siemens Information and Communication
Networks, Inc.,

        Plaintiff(s),

  -against-

Fusion Telecommunications International, Inc.,
        Defendant(s).

No. 02 Civ. 9654 (LTS)(DFE)

PRELIMINARY
PRE-TRIAL ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1. It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter on **March 21, 2003 at 2:45 P.M.** in Courtroom No. 444, 40 Foley Square, New York, New York 10007. It is further

2. ORDERED that counsel[1] for plaintiff(s) shall serve a copy of this Preliminary Pre-Trial Order on each defendant within ten (10) calendar days following the date of this order, and that a copy of this Preliminary Pre-Trial Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly. It is further

3. ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

  a. Facts that are not disputed and facts that are in dispute.
  b. Contested and uncontested legal issues.
  c. The disclosures required by Fed. R. Civ. P. 26(a)(1).
  d. Anticipated amendments to the pleadings, and an appropriate deadline therefor.
  e. Settlement.
  f. Whether mediation might facilitate resolution of the case.
  g. Whether the case is to be tried to a jury.
  h. Whether each party consents to trial of the case by a magistrate judge.
  i. Anticipated discovery and an appropriate deadline for the conclusion of discovery.
  j. Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.
  k. Whether dispositive motions may be appropriate, and a deadline for such motions.
  l. Evidence to be presented at trial and the length of time expected to be required for the

---

[1] As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

FORME.wpd  version 4/30/01                                    1

Copies mailed _Atty/pif_ _12/20/02_
Chambers of Judge Swain

presentation of evidence at trial.

It is further

4.  ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 1 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

    a.  A concise statement of the nature of this action.
    b.  A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
    c.  A concise statement of all material uncontested or admitted facts.
    d.  A concise statement of all uncontested legal issues.
    e.  A concise statement of all legal issues to be decided by the Court.
    f.  Each party's concise statement of material disputed facts.
    g.  A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.
    h.  Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.
    i.  A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.
    j.  Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.
    k.  A statement as to whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
    l.  What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.
    m.  The subjects on which disclosure may be needed, and whether discovery should be conducted in phases or be limited to or focus upon particular issues, including a concise description of each party's plan for discovery and a proposed discovery cut-off date.
    n.  Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.
    o.  What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.
    p.  The status of settlement discussions and the prospects for settlement of the action in

      whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r.    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

5.    ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor. It is further

6.    ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

7.    In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

      IT IS SO ORDERED.

Dated: New York, New York
      December 1?, 2002

                                  LAURA TAYLOR SWAIN
                                  United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIEMENS INFORMATION AND
COMMUNICATION NETWORKS, INC.

                              Plaintiff,

   -against-

FUSION TELECOMMUNICATIONS
INTERNATIONAL, INC.

                            Defendant.
------------------------------------------------------------x

DOC # 2

JUDGE SWAIN

Civil Action No.

02 CV 9654

## RULE 1.9 STATEMENT

Pursuant to Rule 1.9 of the Local Rules of the U.S. District Court for the Southern District of New York, and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Siemens Information and Communication Networks, Inc. (a private non-governmental party) certifies that the following are corporate or other parents, subsidiaries, or affiliates of that party, securities or other interests in which are publicly held:

Siemens Financial Services, Inc
200 Somerset Corporate Blvd.
Bridgewater, NJ 08807

Siemens Corporation
1301 Ave of Americas, 43rd Floor
New York, New York 10019

Siemens Information and Communication Networks, Inc.
400 Rinehart Road
Lake Mary, FL 32746

Siemens Energy & Automation
3333 Old Milton Parkway
Alpharetta, GA 30202

Siemens Components
186 Wood Avenue South
Iselin, NJ 08830

Siemens Medical Systems, Inc.
200 Somerset Corporate Blvd.
Bridgewater, NJ 08807

Dated: New York, New York
       December 2, 2002

                FOX HORAN & CAMERINI LLP
                Attorneys for Plaintiff Siemens Financial
                Services, Inc.

                By: _____
                Richard L. Huffman (RH-8856)
                825 Third Avenue
                New York, New York 10022
                (212) 480-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIEMENS INFORMATION AND
COMMUNICATION NETWORKS, INC.

                      Plaintiff,

      -against-

FUSION TELECOMMUNICATIONS
INTERNATIONAL, INC.

                      Defendant.
------------------------------------------------------------x

DOC # 1

**COMPLAINT**

Civil Action No.

02 CV 9654

JUDGE SWAIN

     Plaintiff, Siemen's Information and Communications Networks, Inc. ("SICN"), by its attorneys Fox Horan & Camerini LLP, for its complaint against the defendant, alleges:

    1.    This action is brought to recover monies due under a promissory note.

### PARTIES

    2.    Plaintiff SICN is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 400 Rinehart Road, Lake Mary, Florida 32746.

    3.    On information and belief, defendant Fusion Telecommunications International, Inc. ("Fusion") is a domestic corporation organized and existing under the laws of the State of New York, with its principal offices located in the City and State of New York.

### JURISDICTION

    4.    This court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §1332 in that there is complete diversity between the parties and the

matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## **STATEMENT OF CLAIM**

5.      The defendant Fusion executed a Promissory Note dated April 24, 2002 in which Fusion agreed to pay to plaintiff's predecessor, Telecommunications Finance Group of Siemens Carrier Networks, L.L.C., the principal amount of $360,000 in 24 payments of $16,446.51 each. The Note carried an interest rate of 9%. A copy of the Promissory Note is annexed hereto as part of Exhibit A and is incorporated herein by reference.

6.      The consideration for the Promissory Note was the settlement of several disputes between the parties arising out of agreements in which Fusion leased various equipment from Telecommunications Finance Group of Siemens Carrier Networks, L.L.C.

7.      Fusion has failed to make the payments required by said Promissory Note and is presently in default under it.

8.      On or about August 12, 2002 payment of the amount then in arrears on the note, $32,893.02, was demanded from Fusion by Telecommunications Finance Group of SICN and Fusion was notified that if payment of that amount was not received by August 19, 2002, SICN would proceed to collect under the terms of the Promissory Note.

9.      Despite the aforesaid demand and notice, Fusion has neither cured its default nor repaid the Promissory Note.

10.     As of December 1, 2002, the amount in arrears is $98,679.02; the late charges are $8,310.12; and the total of the accelerated the remaining payments is

2

$263,144.16.

12. The total amount due to the plaintiff from the defendant as of the date of the filing of this action is $370,133.30.

13. The Promissory Note provides that in the event of default the entire amount of principal and interest becomes due and payable, plus attorney's fees and costs of collection.

**WHEREFORE,** SICN demands judgment against the defendant as follows:

A. In the amount of $370,133.30, together with additional interest and late charges from the date of the filing of this action, and the costs of this action;

B. Such other and further relief, including attorney's fees, as may be just and proper.

Dated: New York, New York
      December 2, 2002

Respectfully submitted,

FOX HORAN & CAMERINI LLP
Attorneys for Plaintiff Siemens
Carrier Networks, LLC

By: _____
Richard L. Huffman (RH-8356)
825 Third Avenue
New York, New York 10022
(212) 480-4800

3

# PROMISSORY NOTE

Loan No. 220  
Note No. 1

New York, NY  
April 24, 2002

    For value received, we promise to pay to Telecommunications Finance Group of Siemens Carrier Networks, LLC, or order, at its office at 400 Rinehart Road, Lake Mary, Florida 32746, in lawful money of the United States, the principal sum shown below with interest from the date hereof at the rate per annum shown below (on the basis of a year of 360 days) in the number and amount of consecutive monthly installments of principal and interest as shown below on the 1st day of each month commencing May 1, 2002 and to pay interest at the rate of five percent (5%) above the rate per annum shown below, or at the highest interest rate permitted by law on contract obligations, whichever is lower, on any installment which is not paid on its due date for any period for which the same shall be overdue.

    All payments hereunder shall be applied first to accrued interest and then to unpaid principal.

    Upon the failure to pay any part of or all of the interest or principal of this note when due, or upon failure to perform any covenant herein or in any instrument executed by the undersigned in favor of the payee, or if a trustee, conservator, custodian, receiver, or liquidator is appointed for the undersigned or any of its property, or if the operations of the undersigned or its corporate properties are restricted in any manner by a court or by state or other regulatory authority, or in case of any form of liquidation, merger or consolidation, the payee may, at its option, declare the entire amount of principal and interest hereof, and of any other obligation of the undersigned to Telecommunications Finance Group of Siemens Carrier Networks, LLC, to be forthwith due and payable.

    In the event of default in the payment of any part or all of the interest or principal of this note when due (whether by acceleration or otherwise), the undersigned agrees to pay all costs and expenses arising out of the collection hereof, whether by legal process or otherwise, including reasonable attorneys' fees, whether or not suit be filed for collection.

    This note may be prepaid in whole or in part at any time without penalty. Any such partial payment shall be applied on the installment having the longest maturity then outstanding.

    The undersigned hereby waives presentment, demand, protest or notice of any kind.

    This note shall be governed by and construed in accordance with the laws of the State of Florida as if both parties were residents of the State of Florida.

Principal Amount:    $360,000.00

24 Payments Each:   $ 16,446.51

Interest Rate:                9%

**FUSION TELECOMMUNICATIONS INTERNATIONAL, INC.**

By _____

_Matt Rosen_  
(Printed Name)

Title _____COO_____

ATTACHMENT / EXHIBIT __1__

# CIVIL COVER SHEET

**02 CV 9654**

JUDGE STEIN (?)

JS 44C/SDNY
REV. 1/97
WEB 10/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Siemens Information and Communication Networks, Inc. | Fusion Telecommunications International, Inc.   DEC 0 5 2002 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Richard L. Huffman (RLH 8356) Fox Horan & Camerini LLP, 825 Third Avenue, New York, New York 10022, (212) 480-4800 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Default on Promissory Note

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol.[ ]  Invol.[ ]  Dismissed. No[ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)   NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [x] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY

**TORTS**

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [x] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | |
|---|---|---|---|---|---|---|
| [X] 1 Original Proceeding | [ ] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from (Specify District) | [ ] 6 Multidistrict Litigation | [ ] 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|
| [ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT | [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY) | [X] 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [X] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [X] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Siemens Information and
Communication Networks, Inc.
400 Rinehart Road
Lake Mary, FL 32746
Seminole County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Fusion Telecommunications
International, Inc.
420 Lexington Avenue, Suite 518
New York, New York 10170
New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 12/02/02
RECEIPT #

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. June? Yr. 1982 )
Attorney Bar Code # (RLH 8356)

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Acting Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)